# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | 2:12-md-02311<br>Honorable Marianne O. Battani |
| IN RE:<br>FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02201-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br>DIRECT PURCHASER ACTIONS | |

### ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT WITH DEFENDANT HIAMS AND PROVISIONAL CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS

Upon consideration of the Direct Purchaser Plaintiff Irving Levine Automotive Distributors, Inc.'s ("Plaintiff") Motion for Preliminary Approval of the Proposed Settlement with Defendant Hitachi Automotive Systems, Ltd. ("HIAMS") for HIAMS, Hitachi, Ltd. and Hitachi Automotive Systems Americas, Inc (collectively "HIAMS Defendants"), and for Provisional Certification of a Direct Purchaser HIAMS Defendants Settlement Class (the "Motion"), it is hereby ORDERED as follows:

1. The Motion is hereby **GRANTED**.

2. Terms used in this Order that are defined in the HIAMS Fuel Injection Systems Settlement Agreement (hereinafter, the "Settlement Agreement") are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

3. The terms of the Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. The

Court finds that the Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion.

## Class Certification

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes (the "Settlement Class"):

> All individuals and entities who purchased Fuel Injection Systems in the United States directly from Defendants (or their subsidiaries or affiliates) from January 1, 2000 through the March 12, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5. For purposes of the Settlement Class definition set forth above, the following entities are Defendants: Aisan Industry Co., Ltd; Franklin Precision Industry, Inc.; Aisan Corporation of America; Hyundam Industrial Co., Ltd; Hitachi Automotive Systems, Ltd.; Hitachi Automotive Systems Americas, Inc.; Hitachi, Ltd.; Denso Corporation; Denso International America, Inc.; Denso International Korea Corporation; Keihin Corporation; Keihin North America, Inc.; Maruyasu Industries Co., Ltd.; Mikuni Corporation; Mikuni American Corporation; Mitsuba Corporation; American Mitsuba Corporation; Mitsubishi Electric Corportion; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Robert Bosch GmbH; Bosch Electrical Drives Co., Ltd.; and Robert Bosch LLC.

6.      The Court finds that provisional certification of the HIAMS Defendants Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representative's (identified below) claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class representative and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class.  The Court further finds that the Direct Purchaser Plaintiff Class representative's interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Class Representatives and Settlement Class Counsel</u>

7.      The Court hereby appoints Plaintiff Irving Levine Automotive Distributors, Inc. to serve as Class Representative for the Direct Purchaser Settlement Class.

8.      The Court hereby appoints the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the HIAMS Defendants Settlement Class having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

<u>Other Provisions</u>

9.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

and without prejudice to the status quo and rights of Plaintiff, HIAMS Defendants, and the members of the Settlement Class.

10. The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11. The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

12. The Direct Purchaser Class litigation against the HIAMS Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**


Date: September 25, 2018    s/Marianne O. Battani
　　　　　　　　　　　　　　MARIANNE O. BATTANI
　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2018.

                                                s/ Kay Doaks
                                                Case Manager